WILLIAM H. W. CUSHMAN, appellant, *vs.* JOSEPH O. GLOVER and
BURTON C. COOK, appellees.

*Appeal from La Salle.*

If two agents are appointed, by separate instruments, with equal authority to act for the principal, the right is not exclusive in either, but is equivalent in both, and any act done by either, within the scope of his authority, will conclude the other.

A second power to one of two agents, unless such intention is expressed in the subsequent power, does not take away the authority of the other. And where one disposed of a promissory note, the property of his principal, the other was precluded from making any different disposition thereof. And the agent having the note in his possession, was bound to relinquish it to the person who had purchased from the other agent.

This was an action of trover, for a promissory note, commenced by appellees against appellant, before a justice of the peace. The note was executed by J. V. A. Hoes to the appellees, for $75, payable 27th February, 1850. The justice rendered a judgment in favor of the appellees, and the appellant took the case to the Circuit Court. The cause was heard before T. L. Dickey, Judge, and a jury, at May term, 1850, when the appellees again obtained judgment for the amount of the note and costs; thereupon the cause was brought to this Court by Cushman, the appellant. On the trial in the Circuit Court, it appeared that one Isaac H. Fredenburgh, on the 8th of March, 1849, while preparing to go to California, gave the appellant a power of attorney, for him, and in his name, and for his use and benefit, to ask, demand, sue for, recover and receive, from the county authorities of La Salle county, the sum of $500, received by them of one William Simmons, about the month of June, A. D. 1837, growing out of a ferry privilege across Fox and Illinois rivers, with interest thereon, or from any other persons liable to pay the same; and to use and take all such means as the agent might think advisable, in law or otherwise, to recover the same; or to compound or arbitrate the same; and to do all lawful acts, &c., and grant all releases, &c., in relation thereto, promising to ratify, &c. That said Isaac H. Fredenburgh, on the 3d day of April, 1849, gave to John Fredenburgh a power of attorney, for him, and in his name, &c., for his use, &c., to ask, demand, sue for, recover and receive, of any and all persons, all such sums of money, debts, &c., as are due and owing to him, I. H. Fredenburgh, and to have, use and take all lawful means to recover the same, &c.; also, to make all contracts and agree-

ments relative to the ferry in the town of Ottawa, belonging to him, which his said attorney might think necessary, and to do all things to protect his rights, &c., in the said ferry, and generally to do all acts relative to his personal property, which he might or could do, if he were personally present. That shortly afterwards said I. H. Fredenburgh left for California, where he now is. That for six months prior to the making of said powers, the appellees, attorneys at law, were acting for him, in trying to secure and collect the said claim, in relation to said ferry, and that after he left they still conducted the business ; that after much trouble, they compounded this claim, by taking the note in controversy, declaring to the maker of it that twenty-five dollars of it belonged to them, as a fee for their services, and that the residue belonged to I. H. Fredenburgh, and that said note was given to the said appellees. That in the month of February, 1850, said note was in the possession of the appellees. It was proved that the note in controversy was worth $75. Defendant waived proof of a demand upon him for the note, before the action was commenced. Appellant also offered in proof a power of attorney from I. H. Fredenburgh, executed in California, dated 29th November, 1849, giving him full general power to act as his agent, &c. It was further proved, that John Fredenburgh, on the 27th of February, 1850, executed to appellees an assignment and transfer of said note, for a valuable consideration.

E. S. LELAND, for appellant.

THE APPELLEES, for themselves.

Opinion by TREAT, C. J.:

The plaintiffs were clearly entitled to recover the amount of the note from the defendant. By the purchase from John Fredenburgh, they acquired the whole interest in the note, both legal and equitable. The general power of attorney to John Fredenburgh fully authorized him to dispose of the note to the plaintiffs. It is true, that power of attorney did not revoke the authority previously conferred on the defendant. Both were then the agents of Isaac H. Fredenburgh, with full authority to act for

him respecting the particular subject matter. The authority was no longer exclusive in the defendant, but was equivalent in both, and subject to be exercised by either. Any act done by either of them, within the scope of his authority, would conclude the other. Nor did the second power of attorney to the defendant take away the authority of John Fredenburgh. It conferred no new or additional authority on the defendant, in relation to this particular transaction. Both were still the agents of Isaac H. Fredenburgh, with full power to act in this matter. Each was authorized, by the terms of his instructions, to make such disposition of the note as he should deem best for the interests of his principal. It appears that John Fredenburgh sold the note to the plaintiffs, and, as the sale was binding on the principal, the defendant was thereby precluded from making any other disposition of it. The power of both over the note was then exhausted. Their principal had no longer any interest in the note, to be protected or disposed of by them. The sale was as binding on the defendant, as if it had been effected by him. There was nothing left for him to do, but to deliver the note to the plaintiffs. Admitting that he first acquired the possession of the note, with the assent of the plaintiffs—and the presumption from the whole case is that he did—he was, nevertheless, bound to restore it on the purchase by them. It was not shown that he had acquired any interest in the note, or done any act respecting it, which would have justified him in retaining it, as against Isaac H. Fredenburgh. If he could not lawfully withhold it from his principal, he certainly could not from the plaintiffs, who had succeeded to all of the rights of the principal.

The judgment of the Circuit Court will be affirmed, with costs.

*Judgment affirmed.*